[Cited, *Merkley v. Grand Switch Roller Mills Co., Assignee;* 28 Ky. L. 1010, 90 S. W. 1059.]

---

MARGARET A. BEALL *v.* DAVID P. BETHEL ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—397.]

**Consideration for a Note.**

Where a note originally given for the purchase of moonshine whisky is afterwards partly paid and then assigned, and when the assignee, who is an innocent purchaser, agrees in compromise to take a new note properly secured for a less sum than the face value and the old note is surrendered and the new secured note is made payable to assignee's wife, the compromise and new agreement constitute a new consideration sufficient to support the promise and said note is valid.

APPEAL FROM HARDIN CIRCUIT COURT.

November 22, 1881.

OPINION BY JUDGE PRYOR:

The obligor in the note pleaded that the original note was executed by Bethel to one Gaddie for moonshine whisky, and that payment had been made on it reducing it to $168; that no license had been obtained authorizing its sale by Gaddie, and being in fraud of the revenue laws of the country the note was void. It seems from the proof that Gaddie delivered to Bethel, the principal obligor, three barrels of whisky, upon which no government tax had been paid, and that two of the barrels were stolen, and the third barrel sold by Bethel; and for the money received on the sale of the whisky Bethel executed the note originally for $268. After it had been reduced by payments to $168 the note was transferred to A. T. Beall. Beall was about to institute an action upon it and by way of compromise agreed to take Bethel's note, with surety for the sum of $100. The note in controversy was then given, and the note for $168 surrendered. The note was then assigned (the $100 note) to the wife of Beall, who brought this suit, she being authorized to act and trade as a feme sole by a judgment of the Louisville Chancery Court. Bethel, according to his plea, was as much guilty of fraud in the transaction as Gaddie, and whether he should be relieved as against a bona fide purchaser of this claim upon him, and to whom he had executed his note, is a question that might well arise in the case; but here a compromise is shown to have been made of the original claim assigned to Beall, and $68 of the amount due remitted, and the note only taken for $100. It is alleged that the husband of the appellee purchased the note, and when this compromise was made and a new agreement entered into it was a sufficient consideration to support the promise, and judgment should have been rendered for the plaintiff.

It is not pretended that the holders of the note were particeps criminis, but on the contrary the proof conduces to show that they were ignorant holders.

Conceding the defense to have been properly pleaded, and that is a matter of much doubt, as the averments are scarcely suffi-

cient to show a violation of the revenue laws, still the appellant was entitled to recover.

Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*W. H. Chelf, for appellant.*

[Cited, *Kentucky Citizens' Building &c. Assn., Assignee, v. Daugherty,* 27 Ky. L. 342, 84 S. W. 1178, revd., 27 Ky. L. 759, 86 S. W. 705.]